Unsealed on 8/26/25 ss

~~SEALED~~


FILED
May 16 2025
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/YC    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>    v.<br><br>XIAO LEI XU (1),<br>    aka "Xiaolei Xu,"<br>WEN CHANG WANG (2),<br>    aka "Wenchang Wang,"<br>    aka "Cookies,"<br>    aka "Jie Min Zhu,"<br>JIAWEN CAI (3),<br>    aka "Johnny Cai,"<br>    aka "Lven Lee,"<br>XINYU SHAO (4),<br>ZHUHAN YIN (5),<br>    aka "Iron Yin,"<br>████████████<br>ZIYUE ZHAO (7),<br>    aka "Chris Zhao,"<br>    aka "ZZY,"<br>GUANGLI LIN (8),<br>WENZHI CHEN (9),<br>████████████<br>JIAXIN WANG (11),<br>████████████<br>HAOTIAN ZHANG (13),<br>    aka "Kevin Z,"<br>DUDU CHEN (14),<br>    aka "Norris Chen,"<br>YUHUI SUN (15),<br>    aka "Ian Sun,"<br>JIAXIN JIANG (16),<br>    aka "YiYi,"<br>DEXIAO LIN (17),<br>    aka "Prozac," | Case No.   '25 CR1765 TWR<br><br>I N D I C T M E N T<br><br>Title 18, U.S.C., Secs. 1349 and 2326 – Conspiracy to Commit Mail and Wire Fraud; Title 18, U.S.C., Secs. 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h) – Conspiracy to Launder Monetary Instruments; Title 18, U.S.C., Secs. 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 2328(a), and Title 28, U.S.C., Sec. 2461(c) – Criminal Forfeiture |

PKM:nlv:San Diego:5/15/25

| | |
|---|---|
| 1 | ZHIYI ZHANG (18), |
|   |     aka "Cream Pablo," |
| 2 | ZHIWEI CHEN (19), |
|   | BING SHEN (20), |
| 3 | ZETIAN ZHANG (21), |
| 4 | HUAJIAN CHEN (22), |
|   |     aka "Marco Chen," |
| 5 |     aka "Riven Garen," |
|   |     aka "Ant," |
| 6 | CHONGCHONG LI (23), |
|   | JIANHAO GAO (24), |
| 7 |     aka "Gh Ghao," |
| 8 |          Defendants. |

   The grand jury charges:

   At all times relevant to this Indictment:

## INTRODUCTION

1. A **technical support scam**, or tech support scam, was a fraud scheme where criminals claimed to offer technical support service. The criminals contacted victims in a variety of ways, including through electronic instant messages on computers and phones or via fake "help lines" advertised on websites owned by the criminals. The criminals used social engineering and confidence tricks to falsely persuade victims that there were problems on their computer or mobile device and to purchase products or services to fix the fictitious "problems."

2. A **bank impersonation scam** was a fraud scheme where criminals pretended to be a bank employee and directed victims to transfer funds from their accounts to the criminals. In some bank impersonation scams, criminals told victims that their accounts were compromised or identities stolen and directed victims to transfer their funds elsewhere for safe keeping. The criminals then directed victims to send funds to accounts controlled by the criminals or to purchase and deliver precious metals to the criminals.

3. A **government impersonation scam** was a fraud scheme where criminals pretended to be a government employee and directed victims to transfer funds from the victim's bank account to the criminals.

4. A **refund scam** was a method used in fraud schemes where criminals used social engineering techniques first to gain the victim's trust, then to convince the victim that he/she had accidentally received an "over-refund," a portion of which the victim was instructed to return.

### Count 1

### (Conspiracy to Commit Wire and Mail Fraud)

### [18 U.S.C. §§ 1349 & 2326]

5. Paragraphs 1 to 4 are re-alleged and incorporated herein.

### THE CONSPIRACY

6. Beginning on a date unknown to the grand jury, but at least since 2019, and continuing up to 2023, within the Southern District of California and elsewhere, defendants XIAO LEI XU, aka "Xiaolei Xu," WEN CHANG WANG, aka "Wenchang Wang," aka "Cookies," aka "Jie Min Zhu," JIAWEN CAI, aka "Johnny Cai," aka "Lven Lee," XINYU SHAO, ZHUHAN YIN, aka "Iron Yin," ZIYUE ZHAO, aka "Chris Zhao," aka "ZZY," GUANGLI LIN, WENZHI CHEN, JIAXIN WANG, HAOTIAN ZHANG, aka "Kevin Z," DUDU CHEN, aka "Norris Chen," YUHUI SUN, aka "Ian Sun," JIAXIN JIANG, aka "YiYi," DEXIAO LIN, aka "Prozac," ZHIYI ZHANG, aka "Cream Pablo," ZHIWEI CHEN, BING SHEN, ZETIAN ZHANG, HUAJIAN CHEN, aka "Marco Chen," aka "Riven Garen," aka "Ant," CHONGCHONG LI, JIANHAO GAO, aka "Gh Ghao," and others known and unknown to the grand jury, including Hua Wang and Weining Su, aka "Ning Ma," both charged elsewhere, knowingly and intentionally conspired to commit the following offenses:

//

3

a. **mail fraud**, in violation of Title 18, United States Code, Section 1341; and

b. **wire fraud**, in violation of Title 18, United States Code, Section 1343.

## MANNER AND MEANS

7. The objects of the conspiracy were carried out, and were to be carried out, in substance in the following manner:

8. Members of the conspiracy operated tech support, bank impersonation, government impersonation, and refund scams targeting elderly victims throughout the United States, including in the Southern District of California.

9. Members of the conspiracy contacted potential victims through unsolicited interstate and foreign wire communications, including pop-up ads, emails and phone calls. These unsolicited communications caused victims to call the co-conspirators at a call center operating tech support, government impersonation, bank impersonation, and refund scams.

10. Members of the conspiracy used social engineering techniques to build trust with victims. In many instances, conspirators had victims download commercially available remote desktop software, which conspirators used to access victims' computers.

11. Using one or more of the scams above, members of the conspiracy induced victims to send monies to other members of the conspiracy throughout the United States and the Southern District of California, including defendants.

12. Members of the conspiracy targeted potential victims over the age of 55 with a campaign that included electronic messages, telephone calls, and text messages to induce the purchase of goods and services and victimized more than 10 persons over the age of 55.

13. Through their fraudulent representations, members of the conspiracy caused the withdrawal of funds on deposit from financial institutions, which resulted in financial institutions not having additional funds on deposit for business and income purposes. These affected financial institutions included federally insured banks in the Southern District of California.

All in violation of Title 18, United States Code, Sections 1349 and 2326.

### Count 2

#### (Conspiracy to Launder Monetary Instruments)

#### [18 U.S.C. § 1956(h)]

14. Beginning on a date unknown to the grand jury, but at least since 2019, and continuing up to and including 2023, within the Southern District of California, and elsewhere, defendants XIAO LEI XU, aka "Xiaolei Xu," WEN CHANG WANG, aka "Wenchang Wang," aka "Cookies," aka "Jie Min Zhu," JIAWEN CAI, aka "Johnny Cai," aka "Lven Lee," XINYU SHAO, ZHUHAN YIN, aka "Iron Yin," ▮▮▮▮▮ ZIYUE ZHAO, aka "Chris Zhao," aka "ZZY," GUANGLI LIN, WENZHI CHEN, ▮▮▮▮▮ JIAXIN WANG, ▮▮▮▮▮ HAOTIAN ZHANG, aka "Kevin Z," DUDU CHEN, aka "Norris Chen," YUHUI SUN, aka "Ian Sun," JIAXIN JIANG, aka "YiYi," DEXIAO LIN, aka "Prozac," ZHIYI ZHANG, aka "Cream Pablo," ZHIWEI CHEN, BING SHEN, ZETIAN ZHANG, HUAJIAN CHEN, aka "Marco Chen," aka "Riven Garen," aka "Ant," CHONGCHONG LI, JIANHAO GAO, aka "Gh Ghao," and others known and unknown to the grand jury, including Hua Wang and Weining Su, aka "Ning Ma," both charged elsewhere, knowingly and intentionally conspired:

//
//
//

1    a.   to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is wire fraud and mail fraud, with the intent to promote the carrying on of the specified unlawful activity, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

   b.   to conduct a financial transaction affecting interstate commerce and foreign commerce, which involved the proceeds of specified unlawful activity, that is, wire fraud and mail fraud, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATIONS

15. The allegations contained in Counts 1 and 2 are realleged herein and incorporated for purposes of seeking forfeiture to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 2328(a), and Title 28, United States Code, Section 2461(c).

//
//
//
//
//

16. Upon conviction of the offense set forth in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2328(a)(1), and Title 28, United States Code, Section 2461(c), the defendants shall forfeit to the United States of America all property, real and personal, which constitutes and is derived from proceeds traceable to the violation.

17. Upon conviction of the offense set forth in Count 1 of this Indictment, and pursuant to Title 18, United States Code, Section 2328(a)(2), the defendants shall forfeit to the United States of America all equipment, software, and other technology used and intended to be used to commit and to facilitate the commission of the violation.

18. Upon conviction of the offense set forth in Count 2 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real and personal, involved in the offense, and any property traceable to such property.

19. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:
    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be subdivided without difficulty;

//
//

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the property listed above as being subject to forfeiture.

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), 982(a)(2)(A), and 2328(a), and Title 28, United States Code, Section 2461(c).

DATED: May 16, 2025.

A TRUE BILL:

███████████████

Foreperson

ADAM GORDON
United States Attorney

By: /s/ Kevin Mokhtari
P. KEVIN MOKHTARI
Assistant U.S. Attorney

I hereby attest and certify on **May 19, 2025** that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.

Clerk, U.S. District Court
Southern District of California

By: s/ Y. Coss
Deputy